IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CAROLINE ERNEST FLORES, AS SPOUSE AND HEIR TO THE ESTATE OF JOE F. ERNEST, DECEASED; | § § § § | SA-23-CV-00624-FB |
| *Plaintiff,* | § § | |
| vs. | § § | |
| U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR CMALT REMIC 2007-A6-REMIC PASS-THROUGH CERTIFICATES, SERIES 2007-A-6 AND SUBSTITUTE TRUSTEES, | § § § § § § | |
| *Defendant.* | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Defendant's 12(c) Motion for Judgment on the Pleadings [#17], which the Court converted to a Motion for Summary Judgment [#18]. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#5]. The undersigned therefore has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Defendant's Motion for Summary Judgment be granted.

**I. Background**

Plaintiff Caroline Ernest Flores filed this action in state court against U.S. Bank National Association as Trustee for CMALT REMIC 2007-A6-REMIC Pass-Through Certificates, Series

2007 A-6 ("U.S. Bank") and Deborah Martin, Substitute Trustee, to stop Defendants from engaging in the non-judicial foreclosure sale of real property located at 21 Aston Glen, San Antonio, Texas, 78257.  (Orig. Pet. [#1-3], at 2–5.)  The Petition alleges that Plaintiff is the common-law spouse and heir to the estate of the borrower, Joe F. Ernest, who is now deceased and that she never received notice of the default on the Loan Agreement executed by her late husband and acceleration of the Note as required by Texas law.  The Petition asserts claims of conversion, trespass to chattels, and a violation of Chapter 51 of the Texas Property Code as spouse and heir of Mr. Ernest.

U.S. Bank removed the Petition to this Court based on diversity jurisdiction, alleging improper joinder of the non-diverse Substitute Trustee.  Plaintiff never filed a motion for remand contesting jurisdiction, and the Trustee has not made an appearance in this action.[1]  After removal, U.S. Bank filed its motion for judgment on the pleadings, asserting that Plaintiff was never legally married to Mr. Ernest and arguing there has been no order establishing her as heir to his estate.  Thus, argues U.S. Bank, Plaintiff cannot establish that she was entitled to notice of Mr. Ernest's default; cannot establish that she is entitled to possession of the property at issue; and cannot establish standing to sue on behalf of the estate.  U.S. Bank attached evidence from the probate proceeding to its motion.  Plaintiff failed to file a response in opposition to U.S. Bank's motion.  (The Court notes that Plaintiff also failed to follow multiple previous orders of the Court, failed to confer with Defendant on pretrial conference filings, and failed to appear at the noticed pretrial conference.)

---

[1] In light of Plaintiff's failure to pursue her claims against the Substitute Trustee by contesting the removal and allegations of improper joinder, the undersigned will recommend that the District Court dismiss Plaintiff's claims against the Substitute Trustee for want of prosecution and exercise jurisdiction over this case based on complete diversity among the parties.  *See* Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

Rather than grant U.S. Bank's motion as unopposed, the Court determined the most prudent course of action was to construe Defendant's motion as a factual challenge to Plaintiff's standing to sue as Mr. Ernest's spouse or heir to his estate and to convert the motion to a motion for summary judgment under Rule 12(d) of the Federal Rules of Civil Procedure. By doing so, the Court gave Plaintiff the opportunity to provide the Court with any evidence from the probate proceeding or otherwise that could establish her as heir and spouse. Plaintiff filed a response to the motion [#20] but did not file any evidence with her response. The motion is ripe for the Court's review.

## II.  Summary Judgment Standard

This Court is permitted to convert a motion to dismiss or motion for judgment on the pleadings into a motion for summary judgment where matters outside of the pleadings are presented to the Court, as here. Fed. R. Civ. P. 12(d). Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed. R. Civ. P. 56(c). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion" and "identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. Once the movant carries its burden, the burden shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 587 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). The non-movant must respond to the motion by setting forth particular facts indicating that there is a genuine issue for trial. *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The Court will view the summary judgment evidence in the light most favorable to the non-movant. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). "After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Westphal*, 230 F.3d at 174.

### III. Analysis

U.S. Bank moves for summary judgment on the basis that Plaintiff was never legally married to Mr. Ernest and cannot establish herself as Mr. Ernest's common law wife and heir so therefore lacks standing to bring this suit. U.S. Bank attaches to its motion a copy of Plaintiff's Application for Probate of the Will of Mr. Ernest, which includes a request for a declaratory judgment that she is the common-law wife of Mr. Ernest, the sole beneficiary named in the will, and executor of his estate. (Probate Application [#17-4].) In the Court's Order converting U.S. Bank's motion for judgment into a motion for summary judgment, the Court stated that it was unclear whether Plaintiff has standing to pursue the claims asserted in the Petition.

Generally, "the benefits and burdens of a contract belong solely to the contracting parties, and 'no person can sue upon a contract except he be a party to or in privity with it.'" *First Bank v. Brumitt*, 519 S.W.3d 95, 102 (Tex. 2017) (citation omitted). This principle, sometimes referred to as contractual standing, has frequently been applied in the foreclosure context. *Oliver v. PennyMac Loan Servs.*, LLC, No. 3:23-CV-137-L-BK, 2024 WL 1016121, at *2 (N.D. Tex.

Feb. 21, 2024), *report and recommendation adopted*, No. 3:23-CV-137-L-BK, 2024 WL 1018527 (N.D. Tex. Mar. 7, 2024) (collecting cases).

Plaintiff's theory of her case is that she is the informal spouse of Mr. Ernest and heir of his estate who was entitled to notice of his default on the Loan Agreement he executed prior to acceleration of the Note. Plaintiff has not presented the Court with any evidence to establish her legal relationship to Mr. Ernest, such that she has established her standing to assert causes of action for conversion, trespass to chattels, and a violation of Chapter 51 of the Texas Property Code related to any action taken by U.S. Bank to foreclose on the subject property based on its contractual relationship with Mr. Ernest.

Texas law recognizes informal marriage, i.e., common-law marriage. Tex. Fam. Code § 2.401(a)(2). However, the burden of establishing the existence of an informal marriage is on the party seeking to establish the legal validity of the marriage, here Plaintiff. *See, e.g.*, *Joplin v. Borusheski*, 244 S.W.3d 607, 610–11 (Tex. App.—Dallas 2008, no pet.). Plaintiff's response to U.S. Bank's motion for summary judgment has not presented the Court with any evidence in support of her assertion that she is Mr. Ernest's common-law spouse and heir. In fact, Plaintiff's response does not even address the issue of standing or Plaintiff's legal relationship to Mr. Ernest. Plaintiff's brief response simply sets forth the standards governing a motion for summary judgment and makes several conclusory arguments regarding the merits of Plaintiff's claims regarding lack of notice.

Because Plaintiff has failed to carry her burden to establish she is Mr. Ernest's common-law spouse or heir, she has not established she has any legal basis or standing to pursue the claims asserted in this case. Accordingly, U.S. Bank's motion for summary judgment should be granted.

## IV.  Conclusion and Recommendation

Having considered Defendant's motion, Plaintiff's insufficient response, and the governing law, the undersigned **recommends** that Defendant's Motion for Summary Judgment [#17] be **GRANTED**.  It is further **recommended** that the District Court dismiss Plaintiff's claims against the Substitute Trustee without prejudice for want of prosecution.

## V.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415,

6

1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

SIGNED this 17th day of June, 2024.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE